UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID J. LONGNECKER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC; NORTHWEST TRUSTEE SERVICES INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; BANK OF AMERICA NA; JOHN DOES 1-50,<br><br>Defendants. | Case No. C16-0093RSM<br><br>ORDER GRANTING MOTIONS TO DISMISS |

## I.  INTRODUCTION

This matter comes before the Court on Defendant Bank of America, N.A. ("Bank of America")'s Motion to Dismiss under Rule 12(b)(6), Dkt. #10, and Defendants Nationstar Mortgage LLC ("Nationstar"), and Mortgage Electronic Registration Systems, Inc. ("MERS") Motion to Dismiss under Rule 12(b)(6), Dkt. #13.  Plaintiff David J. Longnecker has elected not to file a Response to either Motion.  For the reasons set forth below, the Court GRANTS both Motions and DISMISSES Plaintiff's claims against Defendants Bank of America, Nationstar, and MERS.

ORDER GRANTING MOTIONS TO DISMISS - 1

## II.     BACKGROUND[1]

On or about April 2, 2007, Plaintiff executed a promissory note, a deed of trust, and other loan documents with America's Wholesale Lender for a property located at 1257 1st Avenue Northwest, Seattle, WA 98177.  Defendant MERS was the beneficiary under the security instrument.  The deed of trust and the note were thereafter assigned to Defendant Bank of America.  Defendant Nationstar is now the loan servicer.  Defendant Northwest Trustee Services is alleged to be exercising a power of sale as grantor under the deed of trust.

On December 7, 2012, Northwest Trustee recorded a Notice of Trustee's Sale for the property in question.  Dkt. #11-1 at 25-29.  No sale was conducted however, and on August 27, 2015, Northwest recorded two documents, a Notice of Discontinuance of the prior 2012 Notice of Trustee's Sale, and a new Notice of Trustee's Sale, setting a sale for December 28, 2015.  Dkt. #11-1 at 31-37.

On December 23, 2015, Plaintiff filed a lawsuit in King County Superior Court with the following causes of action: declaratory judgment invalidating foreclosure sale, violation of the real estate settlement procedures under RESPA, unfair and deceptive business practices under the Consumer Protection Act ("CPA"), breach of fiduciary duty, injunctive relief, and lack of standing for foreclosure. Dkt. #1-1.  Plaintiff does not allege that any sale has been completed, and indeed he filed the instant suit to enjoin the sale.

On January 22, 2016, Defendants Nationstar and MERS removed the action to this Court under federal question jurisdiction.  Dkt. #1.

//

//

---

[1] The following background is taken from Plaintiff's Complaint, Dkt. #1-1, except where otherwise noted.

ORDER GRANTING MOTIONS TO DISMISS - 2

### III. DISCUSSION

**A. Legal Standard**

In making a Rule 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id.* at 570.

The party opposing a motion shall, within the time prescribed in Local Rule 7(d), file and serve on each party a brief in opposition. LCR 7(b)(2). "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." *Id.*

**B. Analysis**

Defendant Bank of America argues that Plaintiff's claims under RESPA, the CPA, and violation of fiduciary duty are time-barred. Dkt. #10 at 4. Bank of America argues that claims under RESPA are subject to a 1 or 3 year statute of limitations depending on the nature of the

ORDER GRANTING MOTIONS TO DISMISS - 3

purported violation, citing 12 U.S.C. § 2614 ("Any action . . . may be brought . . . within 3 years in the case of a violation of section 2605 . . . and 1 year in the case of a violation of section 2607 or 2608. . . of this title from the date of the occurrence of the violation . . . ."). *Id.* at 5.  Bank of America argues that the limitations period runs from the date of closing, citing *Jensen v. Quality Loan Serv. Corp.*, F. Supp. 2d 1183, 1195 (E.D. Cal. 2010) ("[C]ourts have considered the 'occurrence of the violation' as the date the loan closed"). *Id.*   Here, there is no dispute that Plaintiff's Loan closed on April 2, 2007.  Bank of America cites to RCW 19.86.120 for the four year limitation for a private CPA claim, which it alleges has passed. *Id.* at 7.  Bank of America cites to RCW 4.16.080(3) for the three-year statute of limitation for a breach of fiduciary duty claim, which it alleges has passed because Plaintiff discovered his cause of action at the origination of his loan. *Id.* at 10.

Bank of America argues that Plaintiff's remaining claims fail as well, arguing that "Plaintiff's various claims must be dismissed insofar as they are based on legally untenable challenges to MERS' status as nominee beneficiary under his Deed of Trust and its actions in recording an assignment of that interest, or based on a challenge to Defendants' present ability to foreclose on Plaintiff's Loan." *Id.* at 16.  Bank of America argues that "Washington courts have frequently rejected the conclusory MERS-based allegations Plaintiff offers here, where plaintiffs fail to allege facts showing that MERS had a causal role in their claimed injuries." *Id.* at 15 (citing *Kullman v. Northwest Trustee Services, Inc.*, No. 12–cv–5852–RBL, 2012 WL 5922166, at *2 (W.D. Wash. 2012) ("Plaintiffs have failed to allege any prejudice arising from MERS' role in the foreclosure. Plaintiffs admit default and seek to generate controversy where none exists."); *Burkart v. Mortgage Elec. Registration Sys., Inc.*, C11-1921RAJ, 2012 WL 4479577, at *5 (W.D. Wash. 2012) (Jones, J.) ("If the Burkarts want to plead one or more

ORDER GRANTING MOTIONS TO DISMISS - 4

claims based on MERS' improper designation as the beneficiary in their deed of trust, they must provide sufficient allegations to establish that they have been injured."); *Peterson v. Citibank, N.A.*, No. 67177–4–I, 2012 WL 4055809, at *4 (Wash. Ct. App. 2012) ("the Petersons have failed to plead facts demonstrating that their alleged injuries would not have occurred but for MERS' actions; regardless of MERS' conduct as the beneficiary under the deed of trust, the Petersons' property would still have been foreclosed upon based on their failure to make payments on the loan.")). Bank of America argues that Plaintiff lacks standing to challenge the validity of the assignment of the deed of trust as a non-party. Dkt. #10 at 16-17 citing *Ukpoma v. U.S. Bank Nat'l Ass'n*, No. 12-CV-0184-TOR, 2013 U.S. Dist. LEXIS 66576, at *13 (E.D. Wash. 2013) ("Even assuming for the sake of argument that the assignments in question were fraudulently executed, Plaintiff, as a third party, lacks standing to challenge them."); *Borowski v. BNC Mortgage, Inc.*, No. C12-5876, 2013 U.S.Dist. LEXIS 122104, at *13 (W.D. Wash. 2013) ("[B]orrowers, as third parties to the assignment of their mortgage (and securitization process), cannot mount a challenge to the chain of assignments unless a borrower has a genuine claim that they are at risk of paying the same debt twice if the assignment stands.").

Defendants Nationstar and MERS argue that "MERS is not a lender, and Plaintiff's issues with the loan's origination cannot impute liability to MERS," and "Plaintiff has no standing or legal basis to bring claims based on the Assignment of Deed of Trust under applicable Washington law." Dkt. #13 at 2. Nationstar and MERS agree with Bank of America's analysis that the RESPA and CPA claims are time-barred. *Id.* Defendants argue that "Plaintiff's claims against Nationstar based on conduct occurring at origination fail because Nationstar did not originate the loan, nor are there any allegations that Nationstar assumed liability for the loan's origination." *Id.* Defendants argue that MERS and Nationstar

did not owe Plaintiff a fiduciary duty, citing, *inter alia, Bell v. FDIC*, 2010 U.S. Dist. LEXIS 82463, 2010 WL 3211960 (W.D. Wash. Aug. 9, 2010). *Id.* at 8 and 14. Defendants argue that Plaintiff lacks standing to challenge the assignment of his loan under *Andrews v. Countrywide Bank, NA*, 95 F. Supp. 3d 1298, 1301-1302, 2015 U.S. Dist. LEXIS 43555, *8-9 (W.D. Wash. 2015). *Id.* at 9.

Based on the record before it, the Court agrees with Defendants' analysis that Plaintiff's claims are entirely time-barred, made without standing, or otherwise contrary to law as stated above. Furthermore, because Plaintiff has not responded to Defendants' Motions, the Court considers this an admission that Defendants' arguments have merit. LCR 7(b)(2). Dismissal is warranted under Rule 12(b)(6).

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motions to Dismiss (Dkt. ## 10 and 13) are GRANTED.

2) Plaintiff's claims against Defendants Bank of America, Nationstar, and MERS are DISMISSED.

3) The only remaining Defendant in this case is Northwest Trustee Services, Inc.

DATED this 7 day of March 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE