UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID J. LONGNECKER,<br><br>Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC;<br>NORTHWEST TRUSTEE SERVICES INC.;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS; BANK OF<br>AMERICA NA; JOHN DOES 1-50,<br><br>Defendants. | Case No. C16-0093 RSM<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT NORTHWEST TRUSTEE SERVICES, INC. |

## I.   INTRODUCTION

This matter comes before the Court on Defendant Northwest Trustee Services, Inc. ("NWTS")'S Motion for Summary Judgment, Dkt. #18. Defendant NWTS moves the court to dismiss all claims against it presented in Plaintiff's Complaint. Dkt. #18 at 1. Plaintiff David J. Longnecker has failed to file a Response to this Motion. For the reasons set forth below, the Court GRANTS this Motion.

//

//

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT NORTHWEST TRUSTEE SERVICES, INC. - 1

## II.  BACKGROUND[1]

On April 2, 2007, Plaintiff executed a promissory note, a deed of trust, and other loan documents with America's Wholesale Lender for a property located at 11257 1st Avenue Northwest, Seattle, WA 98177. Dkt. #19-1. Defendant MERS was the beneficiary under the security instrument. Dkt. #19-2 at 3. On October 28, 2010, an Assignment of Deed of Trust in favor of BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP ("BAC Home Loans") was recorded with the King County Auditor. Dkt. #19-3. Defendant Nationstar is now the loan servicer.

On October 25, 2012, due to Plaintiff's default on the Note, NWTS issued a Notice of Default to Plaintiff. Dkt. #19-4. On November 13, 2012, an Appointment of Successor Trustee vesting NWTS with the powers of the trustee under the Deed of Trust was recorded with the King County Auditor. Dkt. #19-5. On December 7, 2012, NWTS recorded a Notice of Trustee's Sale for the property in question. Dkt. #11-1 at 25-29. No sale was conducted however, and on August 27, 2015, NWTS recorded two documents, a Notice of Discontinuance of the prior 2012 Notice of Trustee's Sale, and a new Notice of Trustee's Sale, setting a sale for December 28, 2015. Dkt. #11-1 at 31-37.

On December 23, 2015, Plaintiff filed a lawsuit in King County Superior Court with the following causes of action: declaratory judgment invalidating foreclosure sale, violation of the real estate settlement procedures under the Real Estate Settlement Procedures Act ("RESPA"), unfair and deceptive business practices under the Consumer Protection Act ("CPA"), breach of fiduciary duty, injunctive relief, and lack of standing for foreclosure. Dkt. #1-1. Plaintiff does

---

[1] The following background is taken from Plaintiff's Complaint, Dkt. #1-1, except where otherwise noted. NWTS has agreed to these facts by incorporating them as stated in the Court's prior Order, Dkt. #17. *See* Dkt. #18 at 1.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT NORTHWEST TRUSTEE SERVICES, INC. - 2

not allege that any sale has been completed, and indeed he filed the instant suit to enjoin the sale.

On January 22, 2016, Defendants Nationstar and MERS removed the action to this Court under federal question jurisdiction. Dkt. #1. On March 7, 2016, the Court dismissed Plaintiff's claims against Defendants Bank of America, Nationstar, and MERS, finding that "…Plaintiff's claims [as addressed by those Defendants] are entirely time-barred, made without standing, or otherwise contrary to law." Dkt. #17. The only remaining Defendant in this case is NWTS.

### III.   DISCUSSION

**A. Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient

showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

### B. Analysis

As an initial matter, the Court notes that there is no genuine dispute as to any material fact—Defendant NWTS relies primarily on facts in the Complaint, with a few corrections to the record, and Plaintiff does not respond to this Motion to dispute any of them. As such, the Court need only determine whether NWTS is entitled to judgment as a matter of law.

Defendant NWTS argues that the only causes of action brought against it are Plaintiff's claim for declaratory judgment, a violation of the Real Estate Settlement Procedures Act ("RESPA"), and a "Lack of Standing." Dkt. #18 at 4. NWTS notes that Plaintiff also identifies a cause of action for injunctive relief, but argues that this is a remedy, not a claim. *Id.* at 1 n. 1 (citing *Blake v. U.S. Bank Nat. Ass'n*, 2013 WL 6199213, *3 (W.D. Wash. Nov. 27, 2013); *Edifecs Inc., v. TIBCO Software Inc.*, 2011 WL 1045645, *3 (W.D. Wash. Mar. 23, 2011)). NWTS argues that Plaintiff's Unfair and Deceptive Business Practices claim and breach of fiduciary duty claim are not brought against NWTS, citing the Complaint. *Id*. at 4.

NWTS argues that Plaintiff's declaratory judgment claim requires an actual, present, and existing dispute, but Plaintiff cannot obtain this relief against NWTS "because the presence of MERS in the Deed of Trust does not defeat foreclosure," nor does the assignment of NWTS as trustee affect the foreclosure's propriety. *Id.* at 4-5 (citing *inter alia*, *Smith v. NWTS*, 2014 WL 2439791, *4 (E.D. Wash. May 30, 2014) ("The Court can discern no reason why MERS

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF DEFENDANT NORTHWEST TRUSTEE SERVICES, INC. - 4

would be prohibited from conveying its interest in the deed of trust back to SunTrust upon the latter's request."). NWTS also argues that Plaintiff does not have standing to challenge an Assignment to which he was not a party, citing this Court's March 7, 2016 Order. *Id.* at 5 (citing Dkt. #17 at 5-6 (citing cases); *Brodie v. NWTS*, 2014 WL 2750123, *1 (9th Cir. 2014) (a borrower cannot attack assignments as non-party to them); *Cagle v. Abacus Mortg., Inc.*, 2014 WL 4402136, **4-5 (W.D. Wash. Sept. 5, 2014) (same); *McPherson v. Homeward Res.*, 2014 WL 442378, *6 (W.D. Wash. Feb. 4, 2014) ("[r]ecording of an assignment of a deed of trust does not affect a borrower's rights.")). The Court agrees that Plaintiff's declaratory judgment claim fails for the reasons cited by NWTS and those stated in the Court's March 7, 2016, Order, and will grant summary judgment on this claim.

NWTS argues that Plaintiff's RESPA claim must fail due to the applicable statute of limitations, measured from the loan's origination. Dkt. #18 at 6 (citing 12 U.S.C. §2614). Regardless of this argument, the Court finds that Plaintiff's RESPA claim as pled in the Complaint brings claims against Bank of America only. Dkt. #1-1 at 9. Plaintiff has failed to respond to this Motion, leaving the Court with no clear idea how NWTS could be liable for a RESPA violation. Accordingly, the Court finds that Plaintiff has failed to bring a valid RESPA claim against NWTS, and that summary judgment on this claim is warranted.

Finally, NWTS argues that, to the extent that Plaintiff brings a claim for lack of standing against NWTS, this claim is vague and fails to assert a valid claim. *See* Dkt. #18 at 6-7. The Court agrees—Plaintiff's Complaint contains insufficient detail as to this claim to rebut NWTS' argument, and Plaintiff's failure to respond to this Motion leads the Court with no basis but to conclude that this claim should be dismissed on summary judgment for the reasons stated by NWTS in briefing.

## IV.  CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendant Northwest Trustee Services, Inc.'s Motion for Summary Judgment (Dkt. #18) is GRANTED.

2) Plaintiff's claims against Northwest Trustee Services, Inc. are DISMISSED.

3) This case is CLOSED.

DATED this 3rd day of June 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE